FILED
10/03/2024
Amy McGhee
CLERK
Missoula County District Court
STATE OF MONTANA
By: Debbie Bickerton
DV-32-2024-0000903-PI
Marks, Jason
1.00

Christopher W. Froines
FROINES LAW OFFICE, PC.
Century Plaza Building
3819 Stephens Ave., #301
Missoula, Montana 59801
406.829.3303
(Fax) 877.688.4696
chris@froineslawoffice.com
*Attorney for Plaintiff*

MONTANA FOURTH JUDICIAL DISTRICT COURT
MISSOULA COUNTY

| JOHN SMITH, Plaintiff, vs. CBOCS, INC. Previously known as; CRACKER BARREL OLD COUNTRY STORE, INC. Defendant. | Cause No.: Dept.: **COMPLAINT AND JURY DEMAND** |
|---|---|

For his Complaint, Plaintiff alleges as follows:

1. At all times relevant to this case, Plaintiff is a resident of Park City, MT.

2. At all times relevant to this case, Defendant is a foreign corporation registered to do business in Montana, with its principal offices located at 305 S. Hartmann Drive, Lebanon, TN 37087

3. Venue is proper in Missoula County under MCA 25-2-122(2)(c) because the defendant's registered agent is located in Missoula Montana.

4. On February 3, 2023, Plaintiff was repairing kitchen appliances at the Defendant's request at its' restaurant in Billings, Montana.

5. As he was working on the equipment, Plaintiff moved through the kitchen area where Defendant's employees had just mopped a slippery, greasy, tile kitchen floor.

6. Defendant's employees had not notified Plaintiff of the wet floors or posted warnings of any kind.

7. As he was moving across the kitchen, Plaintiff's fees suddenly shot out from under him, causing him to fall backwards, landing on his hip and pelvis.

8. As a result of the Plaintiff's fall, he sustained serious injuries, including, but not limited to; a shattered pelvis which required reconstructive surgery, extensive rehabilitation, and physical therapy.

9. Plaintiff has been unable to work from the date of the injury on February 3, 2023.

10. As a result of the shattered pelvis, Plaintiff has incurred general and special damages, medical bills, and lost wages in an amount to be proven at trial.

11. As a result of Defendant's negligence, Plaintiff has permanent disabilities and physical impairments.

12. As a result of Defendant's negligence, Plaintiff has been required to employ physicians and surgeons to examine, treat and care for him, and will continue to incur medical and incidental expenses.

13. As a result of Defendant's negligence Plaintiff has suffered past and future lost wages and financial damages.

## COUNT 1: NEGLIGENCE

14. Plaintiff incorporates all previous paragraphs as fully set forth herein.

15. Defendant had a duty to warn Plaintiff of hidden and lurking dangers. (**Richardson v. Corvallis Public School District**, 286 Mont. 309, 950 P.2d 748 (1997))

16. The Defendant, as possessor of the premises has a duty to use ordinary care in maintaining the premises in a reasonably safe condition, and to warn of any hidden or lurking dangers. (**Richardson v. Corvallis Public School District**, 286 Mont. 309, 950 P.2d 748 (1997))

17. Defendants failed to exercise ordinary care of a reasonable person in the maintenance of their business, allowing a hazardous and unreasonably dangerous condition to exist, causing Plaintiffs' injuries.

18. Defendant negligently failed to take steps to either make the conditions safe or warn Plaintiff and others of the dangerous conditions causing Plaintiffs' injuries.

## COUNT 2: EMOTIONAL DISTRESS

19. Plaintiff incorporates all previous paragraphs as fully set forth herein.

20. As a result of Defendants negligence, Plaintiff has suffered serious and severe emotional distress with physical manifestations related to his injuries in an amount to be proven at trial.

**WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF;**

21. For an award in favor of Plaintiff against defendants for general damages in an amount to be proven at trial;

22. For an award in favor of Plaintiff against defendants for special damages including medical expenses in an amount to be proven at trial;

23. For a judgment in favor of Plaintiff against defendants for any lost earnings, lost earning capacity and incidental expenses in an amount to be proven at trial;

24. For costs of suit and;

25. For such other relief as the Court deems just and proper.

RESPECTFULLY submitted this 3rd day of October 2024.

FROINES LAW OFFICE, PC

By: _____
Christopher W. Froines
*Attorney for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38 of Mont.R.Civ.P., Plaintiffs hereby demand a trial by jury on all issues of fact.

                                                 _____
                                                 Christopher W. Froines
                                                 *Attorney for Plaintiff*